**OGDEN et al. v. HARDY et al.**

No. 17937—Opinion Filed March 15, 1927.

Rehearing Denied April 12. 1927.

(Syllabus.)

**Schools and School Districts—Union Graded District—Validity of Contract for Improvements on Property Provided for by Levy Voted at Annual Meeting.**

Union graded school districts may provide for the repairs or additions to their school building by voting a levy for that purpose at their annual meeting where the same may be done without creating a debt and without exceeding the constitutional or statutory limitations, and where this may be done within such limitations, a contract for such repairs or additions will not be declared void upon the grounds that the method provided by sections 10282 or 10486, Comp. Stat. 1921, has not been followed.

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by J. S. Ogden et al. against W. L. Hardy et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

C. B. Leedy, for plaintiffs in error.

J. W. Burrow, for defendants in error.

PHELPS, J. As the parties hereto occupy the same relative position occupied by them in the trial court, they will be herein referred to as plaintiff and defendant.

It appears that at the annual meeting of union graded school district No. 4. Ellis county, held on March 30, 1926, there were present a total of about 25 voters, and by a vote of 18 for and 7 against, it was decided to make a 15 mill levy for the purpose of maintaining the school and making improvements on and furnishing the buildings. It further appears from the minutes of the meeting that it was:

"Moved and seconded the maintaining and improvement and building be left to discretion of board. Carried."

—and further that:

"Motion made and seconded that the school board bring all three schools up to the standard of model schools if sufficient funds are available to maintain same."

It further appears that it was determined that a levy of 12 mills was sufficient to maintain the schools, but that the building needed repairs or enlargement and that with the extra three mills, together with the building funds on hand, it was possible to build an additional room to the building already in use for the school, and under the authority given the board at such meeting they entered into a contract with one F. M. Moyer to build the additional room onto the building, contracting to pay him $2.645 therefor. This item. together with the other items necessary for maintaining and operating the school, was certified to the county excise board, and the contractor, on or about September 1, 1926, began the work of constructing the additional room, whereupon the

plaintiffs, for themselves and on behalf of all other citizens, parties, tax-payers, and voters of such union graded school district, commenced their action against the members of the board and the contractor, alleging that the contract and the proceeding upon which it was based were void, and prayed for injunctive relief. On September 16, 1926, the district judge issued a temporary restraining order which, upon motion of defendants, was, on October 8th, after hearing at which evidence was introduced, dissolved and set aside and the cause dismissed, from which ruling this appeal is prosecuted.

We gather from plaintiff's petition that their principal complaint is:

"That no plan or specification of a character or kind of building to be built was agreed upon or discussed by the voters at such annual meeting. * * * That no vote was had or taken for the purpose of erecting a school house or school room and that no plans or specifications of any kind or character of the building was discussed or agreed upon or voted for at said meeting. * * * and that there was no action taken on a new school house or site or for the purpose of building or contracting for the building of any house or room or additions to the present buildings located within said district, and the only authority given to said school board by the voters at the annual meeting or at any other time was to equip the building and to purchase the library and improve the grounds as the board might deem best. * * * That the said district has never at any time or place held an election for the purpose of erecting any building for said school district or building any house, room or other building in the said district."

Section 10486, Comp. Stat. 1921, provides:

"That said union graded district may provide for taxes for the purpose of purchasing a building or furnishing proper buildings for the accommodation of the school, or for the purpose of defraying necessary expenses and paying teachers, but shall be governed in all respects by the law herein provided for levying and collecting district taxes, and that said union graded district may provide for the purchase of site and erection of building as provided in article 10, chapter 74, Revised Laws. 1910" (same being section 10282 Comp. Stat. 1921, providing for the issuance of bonds).

Section 10282, Comp. Stat. 1921, provides:

"Any school district in this state may become indebted for the purpose of purchasing sites for school buildings, for purchasing school buildings, for erecting such buildings, for purchasing school furniture of for repairing any such school site or building, and may issue its bonds as provided by law, in any amount not exceeding, with existing indebtedness, five per cent of the valuation of the taxable property within such school district; * * * Provided, that such bond issue must be authorized by an affirmative vote of three-fifths of the voters of such district voting at an election held in such district for the purpose of authorizing such bond issue. * * *"

In other words, it is plaintiff's contention that because the provisions of the statutes above quoted were not followed the school board acted without authority and had no power to enter into a valid and binding contract for the erection of the addition to the school building.

Counsel cites Edwards v. School District No. 222, Cotton County, 117 Okla. 269, 235 Pac. 611, 246 Pac. 444, the first paragraph of the syllabus of which reads as follows:

"Under section 6184, Revised Statutes of Oklahoma 1903, in order to authorize a contract for building a school house and make legal warrants issued in payment for same. it was necessary to have a district meeting and the house to be built agreed upon by the qualified electors at such meeting."

There is a very perceptible difference, however, in the conditions surrounding that case and the one at bar. It appears that in that case the building was erected and warrants issued in payment of the contract without any steps whatever having been taken to provide funds with which to meet the warrants. as we see it, the weakness of plaintiff's contention in the instant case is that they seek to apply the law creating an indebtedness, against the district to the facts here, where no indebtedness, in fact, is created and Edwards v. School District No. 222, supra, and the above quoted sections of the statutes are, therefore, not applicable.

The trial court held that the assessment made at the annual meeting which was certified to and approved by the excise board became a legal levy for the purpose named, and we can see no good reason for placing a construction upon the statutes that would require a bond issue for the purpose or improving the school property where sufficient funds can be raised by a legal levy to meet such requirements, and in dissolving the temporary restraining order and dismissing the case the trial court committed no error and the judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, CLARK, and RILEY, JJ., concur.